## 32237. PEPPERS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of murder and sentenced to life imprisonment. He appeals. We affirm.

The evidence shows appellant's sister had been divorced from the victim. The sister was hospitalized and appellant was occupying her mobile home. The sister did not want the victim to stay in her home but she testified she told the victim appellant could decide whether the victim could stay there. Appellant and the victim spent Saturday night, March 22, in the mobile home. Monday morning about 12:50 a.m., March 24, the victim was found lying on the steps of the mobile home with a shotgun wound in his side from which he later died. Appellant was standing in the doorway. Appellant testified the victim tried to push his way into the home after he told him that he could not stay there. Appellant also testified there had been no argument, scuffling or ill will between the victim and himself. Appellant denied he was drunk at the time of the shooting; however, an intoximeter test recorded .23 blood alcohol content soon after his arrest. Expert testimony showed the victim had been shot from a distance of five feet or more.

1. The evidence was sufficient to support the verdict.

2. Appellant claims he should have been furnished arrest records of all the state's witnesses; information from persons interviewed by the state but not called as witnesses; that the court failed to make a thorough in-camera inspection of blood tests and exculpatory evidence in the state's file; and that the appellant was not permitted to examine the mobile home to discover evidence favorable to the defense. We find no error. In our

opinion, the information appellant sought was not exculpatory. The principal evidence supporting appellant's convictions is his version of the killing and the physical facts surrounding it.

3. Appellant claims the introduction of the intoximeter test was error. Assuming without deciding that appellant's contention is correct, the error would be harmless. There was ample other evidence that appellant was drunk.

4. We find no error in appellant's complaint that the chain of custody of certain evidence was not established.

5. We have carefully reviewed the appellant's enumerations of error contending that certain evidence was improperly admitted or excluded and that certain of the court's charges to the jury were erroneous. There was no error. Likewise, we find no error in the district attorney's argument to the jury.

6. We note that appellant has enumerated 27 errors in this case and has only supported six of them with argument and citation of authority for his contentions. Although we have reviewed all errors enumerated in this case, we call appellant's attention to Rule 18 (c) (2) of this court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 22, 1977 — DECIDED JUNE 8, 1977.

*Craig & Elrod, Jack T. Elrod,* for appellant.
*W. Bryant Huff, District Attorney, Dawson Jackson, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.

